# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **DONTEZ JOHNSON,** | CASE NO. 1:18 CV 2970 |
| Plaintiff, | JUDGE CHRISTOPHER A. BOYKO |
| v. | |
| | **OPINION AND ORDER** |
| **THE STATE OF OHIO,** *et al.*, | |
| Defendants. | |

**CHRISTOPHER A. BOYKO, J.:**

*Pro se* Plaintiff filed this action under 42 U.S.C. § 1983 against fourteen Defendants, including the State of Ohio, the Cleveland Police Department and its officers, the Cuyahoga County Clerk of Courts, Common Pleas Court and Appellate Court Judges, County Prosecutors and private Defense Attorneys. In the Complaint, Plaintiff challenges his 2017 conviction for drug trafficking by scrutinizing trial testimony, evidence and legal decisions made by the prosecution and his attorneys. He asserts claims for cruel and unusual punishment, denial of due process and double jeopardy. He seeks an order requiring production of complete trial transcripts and police reports and indicates he wants the State of Ohio to honor his constitutional rights, the Ohio Criminal Rules and the Ohio Revised Code. He also indicates on his Civil Cover Sheet that he seeks monetary damages. He, however, does not mention monetary damages in his Complaint.

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). An action has no arguable basis in law when the Defendant is immune from suit or when the Plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Lawler*, 898 F.2d at 1199.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

Plaintiff cannot challenge his conviction in a civil rights action.  To the extent he seeks to have his conviction vacated on the grounds set forth in the pleading, his sole remedy is a writ of habeas corpus under 28 U.S.C. § 2254.  *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).  To the extent he seeks monetary damages, as he indicates on his Civil Cover Sheet, for claims that amount to wrongful conviction, he must first demonstrate that his conviction was set aside by a state appellate court or a federal habeas corpus petition.  *Heck v. Humphrey*, 512 U.S. 477, 486 (1994).  Plaintiff remains incarcerated on this conviction and therefore does not meet the requirements of *Heck*.  To the extent he seeks production of transcripts and police reports, he must request those from the proper state authorities.

## **III. CONCLUSION**

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e).  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

                                                    s/ Christopher A. Boyko
                                                    CHRISTOPHER A. BOYKO
                                                    UNITED STATES DISTRICT JUDGE

DATED:  April 8, 2019

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.